IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED SEP 16 2019 CLERK, U.S. DISTRICT COURT RICHMOND, VA

UNITED STATES OF AMERICA

v.                                                          Criminal No. 3:15CR164

JAY BERNARD RIVERS,

        Petitioner.

## MEMORANDUM OPINION

Jay Bernard Rivers, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 68).[1] In his § 2255 Motion, Rivers raises the following claims for relief:[2]

    Claim One:     "My attorney violated Rivers's Fifth Amendment Due Process Rights. Mr. Bruns did not prepare Mr. Jay Bernard Rivers for trial." (*Id.* at 4.)

---

[1] After the Government had responded, Rivers filed a second § 2255 motion and a supporting memorandum. ("Second § 2255 Motion," ECF Nos. 73, 74.) By Memorandum Order entered on October 1, 2018, the Court informed Rivers that he may only litigate one § 2255 motion. The Court informed Rivers that:

    To the extent that Petitioner intends this Second § 2255 Motion to replace the § 2255 Motion he filed in June, he must notify the Court of his intent to litigate the Second § 2255 Motion, within twenty (20) days of the date of entry hereof. The Second § 2255 Motion will SUPPLANT the first § 2255 Motion, meaning no claims in the first § 2255 Motion will be considered. To the extent that Petitioner intends to amend his initial § 2255 Motion to also include the claims in the Second § 2255 Motion, he must file a new § 2255 motion on the standardized form that includes all of the claims for relief that he wishes this Court to consider.

(ECF No. 76, at 1–2.)

In response, Rivers indicated that "[he] would like for the first § 2255 [he] filed to stay. The second was an add on. So please keep the first." (ECF No. 77, at 1 (capitalization corrected).) Accordingly, by Memorandum Order entered on June 26, 2019, the Court informed Rivers that it would only consider the claims raised in the first § 2255 Motion and would not consider the Second § 2255 Motion or its supporting memorandum. (ECF No. 78, at 2.)

[2] The Court employs the pagination assigned to Rivers's submissions by the CM/ECF docketing system. Rivers's writing is difficult to decipher. In instances where the Court can discern what Rivers is attempting to argue, the Court corrects the spelling, capitalization, spacing, and punctuation in the quotations from Rivers's submissions. In some instances the Court simply quotes what Rivers appears to have written.

| | |
|---|---|
| Claim Two: | "Counsel was ineffective for failing to object to the error, the sentencing court failed to state its reason for imposing sentence" in violation "of 18 U.S.C. § 3553(c)(2) and his Fifth Amendment due process rights." (*Id.* at 5.) |
| Claim Three: | Counsel was ineffective during sentencing for "never challenging inaccuracies in the PSI that had bearing on the outcome of the case, never calling witnesses . . . never challenging the restitution costs." (*Id.* at 7.) |
| Claim Four: | "Trial ineffectiveness. If I can have evidentiary hearing I can show you how my lawyer was ineffective assistance in my case. All I'm ask[ing] for is a fair trial. Failure to investigate: Witness. Failure to investigate: Evidence. Failure to investigate. Failure to move for suppression of evidence. Failure to prepare for trial. All I need is a head to show you everything and my decove [sic]." (*Id.* at 8.) |

The Government has responded, asserting that Rivers's claims should be dismissed because they are vague and conclusory, and even liberally construing his claims, they lack merit. (ECF No. 71.) Rivers filed a Reply (ECF No. 75); however, it too is rambling and conclusory. For the reasons set forth below, Claims One, Three, and Four will be DENIED. The Court will appoint counsel for Rivers with respect to Claim Two and will order further briefing.

## I. PROCEDURAL HISTORY

On October 6, 2015, a grand jury charged Rivers with conspiracy to commit bank fraud (Count One), bank fraud (Counts Two and Three), two counts of aggravated identity theft (Counts Four and Five), and theft of United States mail (Count Six). (Indictment 1–6, ECF No. 4.) On May 11, 2016, the jury found Rivers guilty of all six counts. (ECF No. 40, at 1–3.) On August 23, 2016, the Court entered judgment against Rivers and sentenced him to a total term of 87 months of imprisonment and ordered $84,918.47 in restitution. (J. 2, 5–7, ECF No. 258.) Rivers appealed. (ECF No. 56.) On appeal, Rivers argued that "the district court erroneously admitted evidence of his attempted flight from law enforcement" and "the district court erred by refusing to reopen the case after the close of evidence to allow him to testify, after he waived his right to testify." (ECF

2

No. 65, at 2.) The United States Court of Appeals for the Fourth Circuit found no error and affirmed the judgment of the Court. (*Id.* at 2–3.)

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings, a petitioner must "state the facts supporting each ground" for relief. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 2(b). As discussed below, Rivers's vague and conclusory claims lack specificity and factual support and fail to establish a claim for relief. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted) (internal quotation marks omitted) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions

3

with no supporting factual allegations"). For this reason alone, Rivers's claims are subject to dismissal.

Moreover, Rivers's Reply does little to nothing to provide clear factual support for his claims for relief. The Reply is a vague narrative that is not tailored specifically to any of his claims. Rivers lists various "Exhibits" and attempts to describe what each exhibit shows through terse sentence fragments. Rivers appears to fault counsel for various errors he made during the trial and sentencing phase of his criminal proceedings. For example, Rivers suggests repeatedly that counsel never investigated his case and never reviewed the evidence and then provides fragments of information about each exhibit.[3] As discussed below, Rivers fails to demonstrate any deficiency of counsel or resulting prejudice and thus, his claims lack merit.

### A. Trial Related Claims

In Claim One, Rivers vaguely suggests: "My attorney violated Rivers's Fifth Amendment Due Process Rights. Mr. Bruns did not prepare Mr. Jay Bernard Rivers for trial." (§ 2255 Mot. 4.) Rivers fails to explain, and the Court fails to discern, how counsel violated Rivers's right to due process or how counsel failed to prepare Rivers for trial from these vague allegations. Accordingly, these terse statements without any factual support fail to demonstrate any deficiency of counsel or resulting prejudice. *Sanders*, 373 U.S. at 19. Accordingly, Claim One will be DISMISSED.

---

[3] To the extent that there are any new claims lurking in the Reply, Rivers may not add new claims by a passing reference in these submissions. *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Accordingly, to the extent that Rivers seeks to add a new claim in his Reply, the new claims will receive no further consideration in this action.

In Claim Four, Rivers states, in sum: "Trial ineffectiveness. If I can have evidentiary hearing I can show you how my lawyer was ineffective assistance in my case. All I'm ask[ing] for is a fair trial. Failure to investigate: Witness. Failure to investigate: Evidence. Failure to investigate. Failure to move for suppression of evidence. Failure to prepare for trial. All I need is a head to show you everything and my decove [sic]." (§ 2255 Mot. 8.) Again, Rivers fails to demonstrate any deficiency of counsel or resulting prejudice in his vague claim for relief.

Although his Reply provides additional argument that the Court construes to be in support of this claim, the Court fails to discern through Rivers's terse statements any deficiency of counsel or resulting prejudice. For example, Rivers indicates that counsel did not "call key witness Darrell Gray so the jury can do the true the Andre was not stand outside while on her to come out," and "Decoursey Smitty and Courtney Ayers my lawyer would impeach all the witness to get me a fair trial." (Reply 3.) Rivers fails to identify with clarity why counsel should have called these witnesses and what these witnesses would have testified to that would have changed the result of his trial. *See United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (observing that where a petitioner faults counsel for not calling a witness, the petitioner must provide "concrete evidence of what [the witness] would have testified to in exculpation"). Rivers also points to a specific rental car receipt that "do[es] not show I have 3 rented at one time" or a hotel receipt that "do[es] not show I have two room . . . but my counsel never object." (Reply 4.) Rivers fails to demonstrate how any objection by counsel to the amount of cars or hotel rooms rented would have demonstrated that he was not guilty of the crimes charged and he fails to demonstrate any deficiency of counsel or resulting prejudice. The remainder of Rivers's Reply contains more blanket statements that counsel did not investigate his case generally or that counsel failed to object to some unspecified evidence. Once again, Rivers fails to make an adequate proffer of what exculpatory information

5

a more thorough investigation would have yielded. *See Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (explaining that a petitioner must allege "what an adequate investigation would have revealed"). Rivers simply fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim Four will be DISMISSED.

In both Claims One and Four, Rivers asks the Court to schedule an evidentiary hearing and indicates that he will provide additional facts in support of his claims during the evidentiary hearing. An evidentiary hearing is not warranted here. As previously explained, Rivers was required to provide the factual allegations in support of his claims on the face of his § 2255 Motion. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 2(b). In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). A federal court must also consider the standards set forth in 28 U.S.C. § 2255 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* It was incumbent upon Rivers to provide sufficient facts supporting each ground in his § 2255 Motion. Because Rivers presented nothing more than vague and conclusory claims, no further investigation is required by the Court. *Dyess*, 730 F.3d at 359. Thus, an evidentiary hearing is not warranted here.

### B. Sentencing Related Claims

In Claim Three, Rivers contends that counsel was ineffective during sentencing for "never challenging inaccuracies in the PSI that had bearing on the outcome of the case, never calling

witnesses . . . never challenging the restitution costs." (§ 2255 Mot. 7.) Similarly, in Claim Two, Rivers claims: "Counsel was ineffective for failing to object to the error, the sentencing court failed to state its reason for imposing sentence" in violation "of 18 U.S.C. § 3553(c)(2) and his Fifth Amendment due process rights." (*Id.* at 5.)

Prior to sentencing, the probation officer prepared a Presentence Report ("PSR") which found that Rivers's Base Offense Level was 7. (PSR ¶ 26.) The PSR indicated that an eight-level and two-level enhancement was appropriate because the loss amount attributable to Rivers was $98,958.71 and because the offense involved ten or more victims. (PSR ¶¶ 26–28, ECF No. 45.) Rivers's Total Offense Level was 17 and his criminal history category was VI, resulting in a guidelines range of 51 to 63 months for Counts One through Three and Six. (*Id.* at 19.) Counts Four and Five carried a 24-month mandatory minimum sentence to run consecutively to the sentences imposed on Count One through Three and Six. (*Id.*)

In Defendant's Position on Sentencing, counsel argued that Rivers received very little monetarily for his role in the offenses, and "urged the Court to temper his punishment by considering the tiny sum that Rivers is actually alleged to have received and that the loss was attributable to the efforts of a large number of people." (Def's Pos. Sentencing 3, ECF No. 48.) Counsel also argued that Rivers had a minor role as he served as the driver and the person who booked hotel rooms and was not involved in the actual counterfeiting and cashing of checks. (*Id.* at 4.) Finally, counsel argued that the Court should take into account the 21-month sentences that Rivers's co-conspirators received, even though they both pled guilty. (*Id.*)

During sentencing, Rivers indicated that he had reviewed the PSR with counsel, and when asked about any "objections, corrections, or amendments to the Presentence Report," counsel indicated that "[t]he information appears correct. There were no objections to either factual

7

allegations or calculations issues." (ECF No. 64, at 4.) In support of a lower sentence, counsel argued that Rivers had cognitive issues, including a "relative lack of education, his difficulty with literacy," and difficulty understanding why he "was being held accountable in part for the behavior, not just of himself, but of other people." (*Id.* at 5.) Counsel asked the Court to impose the low end of the guidelines or 51 months for Counts One through Three and Six, and then requested that the Court run the 24-month mandatory minimum sentences concurrent with one another, which would yield a total sentence of 75 months of incarceration. (*Id.* at 7.) Counsel also explained that Rivers was on parole in Georgia and would likely face parole revocation, resulting in more prison time. (*Id.* at 7–8.)

The Government argued that

> this is an instance where the Guidelines and the mandatory minimums on Counts Four and Five adequately reflect the seriousness and disruption that's caused by the offense conduct at issue here. I would like to say a few things about the losses that were assessed to Mr. Rivers, because that's an issue that counsel raised in his sentencing pleading, suggesting that those losses might overstate Mr. Rivers's culpability. Just to be clear, the government did not attempt to assess Mr. Rivers with all of the losses caused by this conspiracy, which are conservatively estimated at around $250,000 right now. Rather, the government assessed an intended loss of around $98,000 or an actual and intended loss totaling $98,000, by relying on a combination of the evidence adduced at trial and to other hotel and phone records that placed Mr. Rivers in D.C. or suburban Maryland at times when large numbers of counterfeit checks that had been linked with scheme, because they were counterfeited from mailboxes from which the co-conspirators stole checks, were being cashed. That methodology, to which Mr. Rivers did not object, assessed him only with losses that are fairly attributable to him rather than casting an overbroad net.
> Not only has Mr. Rivers failed to demonstrate acceptance of responsibility by putting the government to its burden of proof, but I'm sure the Court recalls from the trial evidence that he fled from agents following his indictment, only to be detected, really by chance, following the traffic stop about which we heard testimony at trial.
> Mr. Rivers poses a high-risk of recidivism given his criminal record, which consists of a substantial number of extremely violent crimes. He spent a considerable part of his adult life in prison. And when he is not incarcerated, it appears that he is regularly committing new crimes. And the fact that he committed

8

> this crime while on parole, coupled with his flight to avoid prosecution, all suggest that his prospects for rehabilitation are fairly dim.
>
> Mr. Rivers is also not situated similarly to either of the other two defendants in related cases who have been sentenced in this matter. Asia McCoy was a check casher with a minimal criminal record and she only had a few thousand dollars in losses attributable to her because she was assessed only with the checks she personally cashed, which was quite appropriate in her instance. Andre Alexander acted as a check thief and also accompanies the recruited check cashers to banks, both of which were roles that exposed him to a far greater risk of detection than Mr. Rivers. And the testimony bore that out because it was Mr. Alexander, not Rivers, arrested on August 14th, 2014, as Mr. Rivers drove off and left him in the Air Park.
>
> Both of those defendants entered guilty pleas. Neither of them fled to avoid prosecution the way Mr. Rivers did. And as the Court has heard, Mr. Alexander has cooperated with law enforcement and testified against Mr. Rivers. And I would add that Mr. Alexander's cooperation started almost from the moment of his arrest.
>
> So it is completely appropriate that Mr. Rivers's sentence should be substantially harsher than those imposed on the other two defendants. And the government would ask that the Court sentence Mr. Rivers in accordance with its recommendation in its sentencing papers.

(ECF No. 64, at 8–10.)

After hearing the thorough argument from the Government, the Court sentenced Rivers to 87 months of incarceration. (*Id.* at 13.) The Court also found that restitution of $84,918.51 was appropriate and that Rivers was "jointly and severally liable for restitution" with his co-conspirators. (*Id.* at 14.)[4]

In Claim Three, Rivers contends that counsel was ineffective during sentencing for "never challenging inaccuracies in the PSI that had bearing on the outcome of the case, never calling witnesses . . . never challenging the restitution costs." (§ 2255 Mot. 7.) In his Reply, Rivers adds that he asked counsel to challenge the restitution amount because he was not around when "half the money was tak[en]" and that he decided to go "to trial because [he] did not want to pay $45,793.13 so why would my lawyer agree for me to pay [$]84,918.47 without talking to me first." (Reply 7, ECF No. 75.) With respect to the restitution amount, counsel clearly argued that Rivers

---

[4] The Judgment lists the restitution amount as $84,918.47. (ECF No. 54, at 5.)

was a minor participant in the actual check counterfeiting activities and received little financial gain from his role and should not be held accountable for a large amount of money. Moreover, Rivers fails to identify what inaccuracies he believed were contained in the PSR, who counsel should have called as a witness, or on what grounds counsel could have further challenged the restitution amount imposed. To the extent that he suggests that he lacked sufficient time to review the PSR to form any objections (*see* Reply 10), Rivers fails to identify on what grounds he wished to object and how this would have had a reasonable probability of changing the outcome of his sentencing. Accordingly, Rivers's vague allegations fail to demonstrate any deficiency of counsel or resulting prejudice. Claim Three lacks merit and will be DISMISSED.

In Claim Two, Rivers claims: "Counsel was ineffective for failing to object to the error, the sentencing court failed to state its reason for imposing sentence" in violation "of 18 U.S.C. § 3553(c)(2) and his Fifth Amendment due process rights." (§ 2255 Mot. 5.) As a preliminary matter, with respect to Claim Two, Rivers fails to identify with any specificity what "the error" was that counsel failed to object to during sentencing. Nevertheless, assuming that "the error" was the Court's failure to state its specific reasons for imposing the sentence on the record, at the current juncture, the record fails to conclusive show that Rivers is not entitled relief with respect to this claim. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (citations omitted) (explaining that the sentencing judge is required "to state in open court the particular reasons supporting its chosen sentence"). Thus, the Court will order further briefing on this claim.

### III. CONCLUSION

For the foregoing reasons, Claims One, Three, and Four will be DENIED. The Court will appoint counsel for Rivers with respect to Claim Two and will order further briefing solely on that claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge

Date: 16 September 2019
Richmond, Virginia