IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAY BERNARD RIVERS,
        Petitioner.

v.                                                                Criminal No. 3:15cr164

UNITED STATES OF AMERICA,
        Respondent.

## MEMORANDUM OPINION

Defendant Jay Bernard Rivers moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 68.) Rivers' original § 2255 motion asserted four claims. The Court dismissed all but one claim, which the Court labeled Claim Two, and appointed Rivers counsel to help brief the merits of that claim. After further review of Rivers' motion and counsel's additional briefing, the Court interprets Claim Two as asserting two separate claims: one alleging ineffective assistance of counsel at *sentencing* (Claim Two (a)), and one alleging ineffective assistance of counsel on *appeal* (Claim Two (b)). The Court ordered further briefing on Claim Two (b).

After reviewing Rivers' motion and the additional briefing, the Court now concludes that Rivers' § 2255 motion succeeds on Claim Two (b). Specifically, Rivers has established that his appellate counsel's conduct fell below that of an objectively reasonable attorney, and Rivers was prejudiced as a result. The Court will therefore grant in part Rivers' § 2255 motion.[1]

---

[1] Rivers also moves for reconsideration of the Court's Memorandum Opinion and Order dismissing all the claims in Rivers' § 2255 motion except the claims at issue here. The Court will deny that motion.

Rivers' Rule 54(b) motion does not claim that the Court misunderstood the facts or his arguments. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Nor does he claim there has been a change in the law or facts since the Court decided his motion. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); Fed. R. Civ. P. 54(b). He basically asks the Court to rethink what it already thought through. Because he does not address any of the recognized grounds for relief under Rule 54(b), the Court will deny Rivers' Rule 54(b) motion.

## I. <u>BACKGROUND</u>

On May 11, 2016, a jury found Rivers guilty of conspiracy to commit bank fraud (Count One), bank fraud (Counts Two and Three), aggravated identity theft (Counts Four and Five), and theft of United States mail (Count Six). Before Rivers' sentencing, the probation officer prepared a Presentence Investigation Report, which found that the advisory guidelines range for Counts One, Two, Three and Six was 51–63 months' imprisonment, with mandatory minimum consecutive sentences of 24 months' imprisonment on Counts Four and Five.

At the sentence hearing, Rivers' counsel requested a total sentence of 74 months' imprisonment. This request represented a sentence at the bottom of the guidelines range—51 months' imprisonment for Counts 1, 2, 3, and 6, all to be served concurrently with each other, and 24 months' imprisonment for Counts 4 and 5, to be served concurrently with each other and consecutively to Counts 1, 2, 3, and 6. In support of the requested sentence, Rivers' counsel argued that Rivers had cognitive issues and difficulty understanding why he "was being held accountable in part for behavior not just of himself, but of other people." (ECF No. 64, at 5.) Counsel also argued that Rivers played a comparatively small role in the crimes relative to his codefendants and had received only a "tiny sum" for the part he played in the crimes. (*Id.* at 3.) Counsel also explained that Rivers was on parole in Georgia and would face parole revocation, resulting in more prison time.

The government sought a sentence at the top of the guidelines range—a total of 111 months' imprisonment, made up of 63 months' imprisonment for Counts 1, 2, and 3, all to be served concurrently with each other, and 24 months' imprisonment for Counts 4 and 5, to be served consecutively to each other and to Counts 1, 2, and 3.[2] The United States argued that the higher

---

[2] The United States did not mention Count 6 in its sentencing position

2

sentence would reflect the seriousness of Rivers' offenses, as well as his culpability, refusal to accept responsibility, flight from law enforcement, and criminal record.

Rivers, speaking to the Court, displayed confusion about his convictions:

> I never cashed no check. I don't know who cashed the check. I don't know who stole no mail. . . But when we get to trial, I didn't do none of the above, but all of a sudden, I'm charged for everything everybody else did. If they admit to cashing the check, they admit to stealing the check and they say I wasn't nowhere around. That's why I say I can't see how I can be found guilty if I didn't have any role in it.

(ECF No. 64, at 11.)

After Rivers spoke, the Court said, "all right" and announced Rivers' sentence. The Court sentenced Rivers to a total of 87 months' imprisonment and ordered $84,918.51 in restitution.[3] (*Id.* at 13.) The Court gave no further explanation for the sentence imposed.

Rivers appealed his conviction, raising two issues. He argued that the trial court erred by admitting evidence of his attempted flight from law enforcement and by refusing to reopen the case to allow him to testify, after he had waived his right to do so. The United States Court of Appeals for the Fourth Circuit affirmed Rivers' convictions and sentence.

On May 21, 2018, Rivers filed a motion under 28 U.S.C. § 2255 asserting four claims. The Court dismissed three of his claims and appointed counsel to submit additional briefing on Claim Two, the remaining claim. Rivers' appointed counsel did so, the United States responded, and Rivers' counsel replied. Later, Rivers, acting pro se, moved the Court to reconsider its dismissal of his other three claims.

---

[3] Specifically, the Court sentenced Rivers to 63 months' imprisonment on Counts 1, 2, and 3, and 60 months' imprisonment on Count 6, all to be served concurrently with each other. The Court sentenced Rivers to 24 months' imprisonment on each of Counts 4 and 5, to be served concurrently with each other and consecutively to Counts 1, 2, 3, and 6.

3

On March 15, 2021, the Court informed the parties that, after reviewing Rivers' motion and his counsel's supplemental briefing, it understood the surviving Claim Two as "having asserted two separate claims for relief." (ECF No. 103, at 1.) The Court delineated the two claims as: Claim Two (a), alleging ineffective assistance of counsel at sentencing, and Claim Two (b), alleging ineffective assistance of appellate counsel. The Court directed the United States to respond to Claim Two (b). The United States responded, and the matter is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may challenge the legality of his sentence on four bases: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."[4] 28 U.S.C. § 2255(a). "A [§ 2255 movant] bears the burden of proving one of those grounds by a preponderance of the evidence." *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017).

A prisoner can prove a constitutional violation under § 2255 by demonstrating that he received ineffective assistance of counsel in violation of the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he [Sixth Amendment] right to counsel is the right to the *effective* assistance of counsel." (emphasis added)). To succeed on an ineffective assistance claim, the movant must satisfy two elements. First, he must show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy this first prong—the

---

[4] "A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal." *Good v. United States*, No. 2:17-cv-313, 2018 WL 2976984, at *2 (E.D. Va. June 12, 2018).

4

performance prong—the movant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

Second, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When, as here, a § 2255 movant alleges ineffective assistance of counsel during sentencing, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the [sentence] would have been different." *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008) (alteration in original). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* And when a movant alleges ineffective assistance of counsel on appeal, as does Rivers, he must show that the appellate court "likely would have reversed the [conviction] and remanded to the district court for resentencing." *United States v. Allmendinger*, 894 F.3d 121, 131 (4th Cir. 2018).

### III. DISCUSSION

#### A. Claim Two (a): Ineffective Assistance of Counsel at Sentencing

In Claim Two (a), Rivers argues that his "counsel was ineffective for failing to object to the error, the sentencing court failed to state its reason for imposing sentence." (ECF No. 68, at 5.)

The Court need not determine whether Rivers' counsel performed deficiently at sentencing because, even assuming he did, Rivers has not established prejudice. Rivers has not shown that, had his counsel objected at sentencing to the Court's failure to explain the reasons for the sentence

it imposed, Rivers would have received a different sentence. *Bowie v. Branker*, 512 F.3d 112, 120 (4th Cir. 2008) (alteration in original).

Rivers, in fact, makes no attempt to show that he would have received a different sentence had his attorney raised the district court's error at sentencing. Instead, Rivers points only to the well-established rule that "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).[5] Rather than showing (or attempting to show) a "reasonable probability that his sentence would have been different" if the district court had explained the reasons for its sentence, Rivers seems to rely on the error alone to establish prejudice. But that is not enough.

The cases addressing a district court's procedural error at sentencing explain that a district court must give an individualized assessment for the sentence it imposes to "*satisfy the appellate court* that [it] has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (emphasis added). In other words, the requirement exists to enable appellate review, and no legal authority indicates that a district court's act of articulating the reasons for its sentence would necessarily result in a different sentence. Rivers points to nothing to the contrary.

Rivers, as the § 2255 movant, has the burden of establishing prejudice for his counsel's allegedly deficient performance. He has not done so, and Claim Two (a) therefore fails.

---

[5] *See also United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (stating standard); *United States v. Blue*, 877 F.3d 513, 518–19 (4th Cir. 2017) (same); *United States v. Lynn*, 592 F.3d 572, 583–84 (4th Cir. 2010) (same).

### B. Claim Two (b): Ineffective Assistance of Counsel at Sentencing

In Claim Two (b), Rivers argues that he was denied effective assistance of counsel on appeal because his counsel on appeal did not argue that the district court's failure to adequately explain the reasons for its sentence amounted to procedural error. Rivers asserts that he suffered prejudice because, had his counsel raised the issue, he would have been entitled to resentencing.

#### 1. *The Performance Prong*

To satisfy the first prong—the performance prong—Rivers must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch*, 273 F.3d at 588 (quoting *Strickland*, 466 U.S. at 689). Rivers may establish deficient performance by showing that his appellate counsel "fail[ed] to raise issues that are clearly stronger than those presented" on appeal. *Allmendinger*, 894 F.3d at 126 (cleaned up). In conducting this inquiry, the Court compares the strength of the issue not raised on direct appeal (here, the procedural unreasonableness of Rivers' sentence) with the strength of the arguments that were raised. *See id.*

On appeal, Rivers' counsel raised two issues: that the district court erred in admitting evidence of Rivers' attempted flight from law enforcement, and that the district court erred in refusing to reopen the case to allow him to testify, after the close of evidence and after Rivers had already waived his right to testify. *See United States v. Rivers*, 688 F. App'x 187, 188 (4th Cir. 2017) (mem.). The Fourth Circuit rejected each argument in a single sentence and affirmed Rivers' convictions and sentence. *See id.* Clearly, therefore, neither issue had much strength.

On the other hand, an argument that the district court's failure to explain the reason for Rivers' sentence rendered his sentence procedurally unreasonable would have had significant

7

strength. At the time of Rivers' appeal, the Fourth Circuit had held in a published opinion that the district court must adequately explain the reasons for the sentence imposed.

> When rendering a sentence, the district court "must make an *individualized* assessment based on the facts presented." *Gall*, 552 U.S. at 50 (emphasis added). That is, the sentencing court must apply the relevant § 3553(a) factors to the specific circumstances of the case before it. Such individualized treatment is necessary "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Id.* at 598 (citation omitted).
>
> Moreover, the district court must "state in open court" the particular reasons supporting its chosen sentence. 18 U.S.C. § 3553(c) (2006). In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). This not only "allow[s] for meaningful appellate review" but it also "promote[s] the perception of fair sentencing." *Gall*, 552 U.S. at 50. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence" than that set forth in the advisory Guidelines, a district judge should address the party's arguments and "explain why he has rejected those arguments." *Rita*, 551 U.S. at 357.

*Carter*, 564 F.3d at 328 (some citations cleaned up). And because Carter's sentence was procedurally unreasonable, the Fourth Circuit vacated the sentence and remanded for resentencing. *Id.* at 330.

Thus, binding law at the time of Rivers' appeal established that a district court procedurally errs when it does not explain the reasons for the sentence it imposed. Rivers' appellate counsel's failure to raise this meritorious issue on appeal amounted to deficient performance.

### 2. *The Prejudice Prong*

To satisfy the second prong—the prejudice prong—Rivers must show that, had his appellate counsel raised the issue, the Fourth Circuit "likely would have reversed the [conviction] and remanded to the district court for resentencing." *Allmendinger*, 894 F.3d at 131. Rivers easily makes this showing.

As discussed, an established body of Fourth Circuit precedent has held that "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *Carter*, 564 F.3d at 329 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50).[6] In *Carter* itself, the Fourth Circuit held that the district court's failure to do so required a vacatur of the defendant's sentence and remand for resentencing. *Id.* at 330. Resentencing was necessary because the *district* court—not the appellate court—"must make an individualized assessment based on the facts presented" to it. *Id.* at 329. The appellate court must determine if the district court fulfilled that duty, but in doing so the "appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Id.* at 329–30. If, on the record before it, the appellate court cannot determine the district court's rationale for the sentence imposed, it must remand for the district court to offer that rationale.

In other words, if Rivers' appellate counsel had argued on appeal that Rivers' sentence was procedurally unreasonable because the district court failed to "provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review,'" *id.* at 330 (quoting *Gall*, 552 U.S. at 50), applying *Carter*, the Fourth Circuit would have vacated Rivers' sentence and remanded for resentencing. He has therefore established prejudice for his counsel's deficient performance.

---

[6] *See also, e.g., Provance*, 944 F.3d at 218; *Blue*, 877 F.3d at 518–19; *Lynn*, 592 F.3d at 583–84.

9

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part Rivers' § 2255 motion. (ECF No. 68.) The Court will deny his 54(b) motion. (ECF No. 84.) The Court will deny as moot Rivers' two Motions for Status. (ECF Nos. 88, 93.) The Court will vacate Rivers' sentence and order resentencing.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the defendant.

Date: 3 May 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

10